IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| WANDA M. ALLEN,<br><br>     Plaintiff,<br><br>vs.<br><br>NEBRASKA DEPT. OF DRIVER LICSENCE EXAMINER OFFICE, and STATE OF NEBRASKA, on behalf of Department of Licesencing Examiner Office;<br><br>     Defendants. | **8:25CV629**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's motion for an exception for her faxed filings, Filing No. 6; motion for electronic filing access; Filing No. 9; motion to seal, Filing No. 8; and motion for leave to proceed in forma pauperis ("IFP"), Filing No. 2. Each motion will be addressed in turn.

**I. FAXED FILINGS**

On October 23, 2025, Plaintiff faxed a Complaint Filing No. 1, and an unsigned IFP motion, Filing No. 2, which the Court accepted for filing and docketed in this case. Later on October 23, 2025, Plaintiff also faxed a motion asking the Court to allow her "the one-time opportunity [to] initiat[e] this case via fax" (the "Motion for Fax Exception"). Filing No. 6.

Because the Court has accepted Plaintiff's faxed Complaint and other initial filings, the Court will grant Plaintiff's Motion for Fax Exception *only with respect to the faxed pleadings already filed in this case as of the date of this order* (i.e., the Complaint, motions, and correspondence specifically referenced in this order, *see* Filing Nos. 1–2, 6–9). However, Plaintiff is advised that, although the Court accepted her Complaint and other initial

motions she submitted by fax, pursuant to the Court's local rules "[a] document faxed or e-mailed to the clerk or assigned judge is not considered filed without a court order." NECivR 5.1(d). As such, **Plaintiff is hereby notified that the Court will not accept any further faxed documents she submits for filing in this case or otherwise and the Court will take no action on any documents Plaintiff faxes to the Court**.[1] All future filings Plaintiff makes into this case must be made via hand delivery, United States postal mail, or by registering for electronic case filing ("CM/ECF") access, which is addressed further below.

## II. MOTION FOR ELECTRONIC FILING ACCESS

Plaintiff asks the Court to allow her PACER access and CM/ECF filing access. Filing No. 9. Plaintiff's motion does not comply with the Court's local rules. To obtain electronic filing access, Plaintiff should follow the instructions in NEGenR 1.3(b) which provides:

(b) **Registration for CM/ECF**.

>   (1)   **District Court Registration**.
>
>   Before electronically filing a document with the court, an attorney or a pro se party (*i.e.*, one not represented by an attorney) to a pending civil case must register for electronic filing with PACER at the following web address: https://www.pacer.gov/. *See* NECivR 5.1; NECrimR 49.1. Electronic filing registration constitutes a party's consent to electronic service and waiver of the right to service by personal service or first class mail. Once registration is complete, a login and password are issued by PACER and serve as part of the user's electronic signature on documents filed on the System. *See* NECivR 11.1; NECrimR 49.2.

---

[1] This includes any of the multiple faxes Plaintiff submitted later on October 27, 2025, after the last-docketed motion at Filing No. 9. Those faxes will be separately returned to Plaintiff.

Plaintiff, thus, must register for electronic filing access through PACER. As Plaintiff has not complied with NEGenR 1.3(b), Plaintiff's motion for electronic filing access, Filing No. 9, is denied without prejudice to Plaintiff seeking electronic filing access through the appropriate process.

### III. MOTION TO SEAL

Plaintiff also requests the Court "allow Plaintiff the rights to file and case performance Under SEAL" pursuant to Federal Rule of Civil Procedure 5.2(d) because "Plaintiff is challenged in this case being of greater interest to other in preventing any legal actions against the defendants" and "it would be in the best interest in all Plaintiffs in this case Under Seal services and performance as case move forward." Filing No. 8 (as in original).

Rule 5.2(d) provides that "[t]he court may order that a filing be made under seal without redaction." Fed. R. Civ. P. 5.2(d). However, the Court cannot discern any need to seal these proceedings to protect any sensitive or personal identifying information nor has Plaintiff demonstrated any such need. Plaintiff's motion to seal is, therefore, denied.

### IV. IFP MOTION

As indicated above, Plaintiff filed an unsigned IFP motion, Filing No. 2, on October 23, 2025, and the Clerk of Court advised Plaintiff that her IFP motion was unsigned and therefore deficient. The Clerk of Court directed Plaintiff to "correct the deficiency" (i.e., file a signed IFP motion) within 14 days, or the pleading "may be stricken from the record of this case." Filing No. 5 (text order). On October 27, 2025, Plaintiff faxed correspondence to the Court and included four Form Pro Se 1 Complaint signature pages, apparently in response to the text notice of signature deficiency. Filing No. 7.

Plaintiff is advised that the complaint signature pages she submitted do not correct the signature deficiency in her unsigned IFP motion. To correct the IFP motion signature deficiency, Plaintiff must submit a copy of her IFP

3

motion that includes her signature in the space provided on page 2 of the form. Plaintiff has until **November 6, 2025**, to submit a signed IFP motion in compliance with the Clerk of the Court's directions.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion for Fax Exception, Filing No. 6, is granted only to the extent that the Court has accepted the faxed filings already on file with the Court as of this date. **The Court will not accept any future faxed documents Plaintiff submits for filing in this case or otherwise.**

2. The Court notifies Plaintiff that if she wishes to file a document in this Court, such filing must be made via hand delivery, United States postal mail, or by registering for CM/ECF access. **A document faxed or e-mailed to the Clerk or the undersigned will not be filed and the Court will take no action on any documents Plaintiff faxes to the Court**.

3. Plaintiff's motion for electronic filing access, Filing No. 9, is denied without prejudice to Plaintiff seeking electronic filing access through the appropriate process.

4. Plaintiff's motion to seal, Filing No. 8, is denied.

5. Plaintiff has until November 6, 2025, to file a signed copy of her IFP motion, Filing No. 2. The Clerk of the Court is directed to send to Plaintiff a copy of the signature page of her IFP Motion, Filing No. 2 at 2.

Dated this 29th day of October, 2025.

BY THE COURT:

*John M. Gerrard*
John M. Gerrard
Senior United States District Judge